IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY R. PHOENIX**                                                                                               **PLAINTIFF**

**v.**                                                                                            **No. 3:13CV48-B-V**

**BILL RASCO, ET AL.**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Anthony R. Phoenix, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the floors in the DeSoto County Jail were slippery, causing him to fall and injure himself, and that various problems in the jail arising out of a poor ventilation system constituted deficient general conditions of confinement in the jail. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

On January 23, 2013, the plaintiff alleges he slipped, fell and hurt his head and eye and busted his lip as he exited the top bunk in his cell. Further allegations are that the floor was wet due to poor ventilation and the temperature and humidity conditions at the time; the ventilation system had been functioning poorly since January 4, 2013, and the plaintiff had complained, but no action was taken to remedy the problem; the plaintiff's attempt to address the problem through the grievance system was answered by promises to fix the ventilation system, and the administration issued a maintenance order to alleviate the problem. The ventilation system was,

apparently, still out of commission when the plaintiff filed the instant complaint on February 25, 2013.

In his grievance, the plaintiff also complained that the plumbing was "shoddy" because the toilets did not flush properly, mold grew on the walls, and the ventilation ducts were rusty. There appears to have been a mishandling of the first grievance (filed January 19, 2013), but the plaintiff received a response to his second grievance (filed February 12, 2013) on the following day. In response to the plaintiff's second grievance, the administration opened door to the recreation yard to improve air circulation, required a thorough cleaning of all inmate cells, and stopped housing inmates in the area affected by mold. The administration also arranged for a mold specialist to check the affected areas, and repaired plumbing to alleviate the plaintiff's complaints regarding the toilets.

### Negligence

The plaintiff's complaint regarding his fall on the slick floor in his cell sounds wholly in negligence. However, negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

### General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). Prison officials have certain duties under the Eighth Amendment, but

these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The condition about which the plaintiff complains rise to the level of discomfort and inconvenience, not deprivation of a basic human need, particularly considering the response by the jail administration once the grievance reached the hands of the Lieutenant in charge of jail conditions. Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the plaintiff's claims do not rise to the level of a constitutional violation. Plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time, *Woods*, 51 F.3d at 581, and he has not alleged that he has suffered harm from the conditions at the jail (other than his slip and fall, discussed above).

For these reasons the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 17th day of May, 2013.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE